UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JOE HAND PROMOTIONS, INC.,

Plaintiff,

- against -

SM THINK CLINTON LLC, et al.,

Defendants.

CASE NO.: 1:22-cv-20581-BB

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND/OR FOR A MORE DEFINITE STATEMENT**

Plaintiff Joe Hand Promotions, Inc. ("Plaintiff"), by and through its attorneys, as and for its Response in Opposition to Defendants' Motion to Dismiss with Prejudice for Failure to State a Cause of Action and/or for a More Definite Statement ("Defendants' Motion"), hereby respectfully submits as follows:

**PRELIMINARY STATEMENT**

At the outset, Plaintiff wishes to address the Defendants' claim that the correct name for the corporate defendant is Falsa Limonada LLC. *See* Doc. No. 17 p. 1, n. 1. Plaintiff's claims in this matter relate to the unauthorized broadcasts of *Ultimate Fighting Championship® 232: Jones vs. Gustafsson 2* on December 29, 2018, including all undercard bouts and commentary, and *Ultimate Fighting Championship® 235: Jones vs. Smith* on March 2, 2019, including all undercard bouts and commentary (the "Programs") at Limonada Bar + Brunch located at 825 Washington Avenue, Miami Beach, FL 33139 (the "Establishment"). A simple search for and viewing of the licenses for Retail Beverage and Permanent Food Service for the Establishment shows the entity holding each license was SM Think Clinton LLC, the named entity in this lawsuit, on the dates of

the Programs. *See* MyFloridaLicense.com, License Nos. BEV2330373, SEA2330136. Falsa Limonada LLC did not and does not hold either of these licenses and simply holds a Fictitious Name Filing for the Establishment which was filed on May 16, 2019, more than two (2) months after the latter of the Programs. Therefore, in relation to the Plaintiff's claims, Falsa Limonada LLC is of no import and SM Think Clinton LLC is a proper defendant.

**BRIEF STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff brought this action on February 25, 2022, alleging that Defendants SM Think Clinton LLC and Shawn Vardi ("Defendant Vardi") (collectively the "Defendants") knowingly and willfully violated the Federal Communications Act of 1934, 47 U.S.C. § 553 and 47 U.S.C. § 605, plead in the alternative. *See* Doc. No. 1. On April 11, 2022, Defendants filed a Motion to Dismiss with Prejudice for Failure to State a Claim of Action and/or for a More Definite Statement. *See* Doc. No. 17. Plaintiff herein responds to Defendants' Motion.

**STANDARD OF REVIEW**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may assert the defense of "failure to state a claim upon which relief can be granted" by motion following a complaint. Under Rule 8(a)(2), Plaintiff need only state "a short, plain statement of the claim showing that the pleader is entitled to relief." *Edny v. Las Olas Finer Foods, Inc.*, 2012 WL 12888781, (S.D. Fla. 2012); Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must

"plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

The "purpose of a Rule 12(b)(6) Motion to Dismiss is to 'test the sufficiency of a complaint and not to resolve the contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Joe Hand Promotions, Inc. v. Goldshtein*, 2018 WL 7080029, at *3 (S.D. Fla. June 18, 2020 (quoting *Bierman v. United Farm Family Ins. Co.*, 2013 WL 1897781, at *2 (D. Md. May 6, 2013)). "For the purposes of determining the sufficiency of a claim, the likelihood of recovery is irrelevant. . . . the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986) (internal citations omitted). Plaintiffs need only set out specific factual allegations that give rise to a claim for relief.

## ARGUMENT

**A. Plaintiff's Complaint Should Not Be Dismissed as Plaintiff Properly and Sufficiently Stated Claims for Individual/Vicarious Liability Against Defendant Vardi and Plaintiff's Allegations Do Not Need to "Pierce the Corporate Veil".**

"To establish vicarious liability under section 605(a), the plaintiff must show that an individual had the right and ability to supervise the wrongful conduct and had a direct financial interest in the activities undertaken." *Zuffa, LLC v. Nguyen*, 2020 WL 6449316, at *3 (S.D. Fla. July 27, 2020) (citing *Goldshtein*, 2018 WL 7080029, at *3; *see also Joe Hand Promotions, Inc. v. Sorota*, 2012 WL 2414035, at *2 (S.D. Fla. June 23, 2012). "If a plaintiff properly alleges vicarious liability under this standard, the plaintiff is not required to allege facts sufficient to pierce the corporate veil." *Goldshtein*, 2018 WL 7080029, at *3 (citing *Sorota*, 2012 WL 2414035, at *2). In *Goldshtein*, this Court analyzed a very similar Motion to Dismiss and found Plaintiff's

3

allegations were sufficient as to the individual defendants' vicarious liability, denying the defendants' Motion to Dismiss.

In Paragraph 3 of its Complaint, Plaintiff alleges:

"Upon information and belief, Defendant SHAWN VARDI is an individual residing in the State of Florida. On the dates of the Programs, Defendant SHAWN VARDI:

a. was an officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment;

b. had a right and ability to supervise the activities of the Establishment; and

c. had an obvious and direct financial interest in the activities of the Establishment."

Doc. No. 1 at ¶ 3.

Plaintiff's Complaint sufficiently "states a plausible claim for relief" against Defendant Vardi under the applicable vicarious liability standard and thus Plaintiff "is entitled to offer evidence to support the claims". *Iqbal*, 556 U.S. at 679; *Little*, 805 F.2d at 965. As this Court stated in *Goldshtein*, "Defendants are in the best position to know the extent of the Individual Defendants' supervisory control related to the . . . event, as well as the extent to which they financially benefitted from the unlawful exhibition of the Match." *Goldshtein*, 2018 WL 7080029, at *3. Likewise here, Plaintiff has sufficiently plead vicarious liability claims against Defendant Vardi and its claims should proceed to discovery for further factual transparency.

Defendant Vardi attempts to argue that he should be dismissed because he has corporate veil protection under Delaware and Florida law and because Plaintiff's claims "are not legally recognizable causes of action." *See* Doc. No. 17 at ¶¶ 13-17.

As quoted above in *Goldshtein* and *Sorota*, because Plaintiff has plead facts alleging vicarious liability under the correct standard, Plaintiff is not required to allege facts sufficient to

4

pierce the corporate veil. Therefore, as this Court did in *Goldshtein* and *Sorota*, the Defendants' Motion to Dismiss should be denied as to Defendant Vardi.

 **B. Plaintiff's Complaint Sufficiently Pleads Violations of 47 U.S.C. §§ 553, 605 in the Alternative and Plaintiff May Proceed with its 47 U.S.C. §§ 553, 605 Claims Simultaneously as it is Only Seeking to Recover Damages under One of the Sections.**

 In Defendants' Motion, Defendants argue "JHP's Complaint is so vague and ambiguous as to "*who did what*" that neither Defendant can reasonably prepare a response thereto." Doc. No. 17 at ¶ 10. This argument relies upon finding that Defendant Vardi cannot be responsible for the actions of SM Think Clinton LLC. Plaintiff's Complaint, however, alleges that both Defendants are liable for each of the unauthorized exhibitions. *See* Doc. No. 1 at ¶¶ 10-14.

 As set forth in Section A. above, Plaintiff properly plead its claims against Defendant Vardi, alleging facts that support he is vicariously liable for the actions of SM Think Clinton LLC related to the unauthorized exhibitions. Therefore, Plaintiff need not make separate claims against each Defendant since the actions alleged in the Complaint would render both Defendants liable for the violations. Defendants make no compelling argument as to why Plaintiff's allegations in the Complaint could not put the Defendants on notice as to the types of claims against them. At this juncture in the case, Plaintiff is not required to allege how the unlawful broadcasts happened or factual information surrounding the circumstances of the broadcasts. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.") (internal citations omitted). Here, as in *Goldshtein*, "[s]ufficient factual information exists to state plausible claims because the allegations are based on factual information that makes the inference of culpability plausible." *Goldshtein*, 2018 WL 7080029, at \*5 (citing *Zhejiang Dushen Necktie Co., Ltd. v. Blue Med, Inc.*, 2017 WL 4119604, at \*6 (S.D. Fla. Sept. 18, 2017)).

Further, Plaintiff may proceed with its 47 U.S.C. §§ 553, 605 claims simultaneously as it plead the violations in the alternative. *See* Doc. No. 1 at ¶¶ 16-18. As set forth in *Sorota*, "Plaintiff is not entitled to relief under both [47 U.S.C. § 553 and 47 U.S.C. § 605] for a single act that was either an interception of satellite communications or cable service." *Sorota*, 2012 WL 2414035, at *4. For this reason, Plaintiff plead the violations in the alternative as "nothing precludes Plaintiff from pleading in the alternative . . . until Plaintiff is able to ascertain through discovery the mechanism, if any, utilized by Defendants to intercept the broadcast in question." *Id.*; *see also Goldshtein*, 2018 WL 7080029, at *5. Plaintiff clearly makes its allegations in the alternative in its Complaint, in accordance with previous case law in this Court, and as previously determined in *Sorota* and *Goldshtein*, a motion to dismiss should not be granted as to Plaintiff's alternative claims.

### C. Plaintiff's Complaint Need Not be Altered as it Clearly States its Claims Against the Defendants.

Defendants' alternative request in Defendants' Motion is for the Court to require Plaintiff to re-plead its Complaint to provide a more definite statement, claiming Plaintiff's Complaint is a "shotgun" pleading. *See* Doc. No. 17 at ¶¶ 11-12. Defendants' argument for a more definite statement also relies upon finding that Defendant Vardi cannot be responsible for the actions of SM Think Clinton LLC. But as set forth *supra*, Plaintiff's claims are properly levied against both Defendants, not just one, and are properly levied in the alternative as to whether 47 U.S.C. § 553 or 47 U.S.C. § 605 was violated. There is no confusion in reading Plaintiff's Complaint as to "who did what" because both Defendants are responsible for the actions related to the allegations. Accordingly, Defendants' alternatively plead Motion for a More Definite Statement should also be denied.

WHEREFORE, based upon the arguments made herein, Plaintiff respectfully requests that this Honorable Court deny Defendants' Motion to Dismiss with Prejudice for Failure to State a Cause of Action and/or for a More Definite Statement in its entirety, as well as any other relief this Honorable Court deems just and proper.

Respectfully submitted,

Dated: April 25, 2022

/s/ Brian T. Giles
Brian T. Giles (0929751)
THE LAW OFFICES OF BRIAN T. GILES, LLC
1470 Apple Hill Rd.
Cincinnati, Ohio 45230
(513) 379-2715, Brian@gilesfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been electronically filed with Court's CM/ECF system on this 25th day of April, 2022, which will notify the following:

Elizabeth E. Cantu, Jon Dale Derrevere
Derrevere Stevens Black & Cozad
2005 Vista Parkway, Suite 210
West Palm Beach, FL 33411
eec@derreverelaw.com
jdd@derreverelaw.com

Attorneys for Defendants

Dated: April 25, 2022

/s/ Brian T. Giles
Brian T. Giles (0929751)