UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-20581-BLOOM/Otazo-Reyes

JOE HAND PROMOTIONS, INC,

    Plaintiff,

v.

SHAWN VARDI, and
SM THINK CLINTON LLC,

    Defendants.
_____/

**ORDER ON MOTION TO DISMISS WITH PREJUDICE
FOR FAILURE TO STATE A CAUSE OF ACTION
AND/OR FOR A MORE DEFINITE STATEMENT**

**THIS CAUSE** is before the Court upon Defendants SM Think Clinton, LLC's ("SM") and Shawn Vardi's ("Vardi") (collectively, "Defendants") Motion to Dismiss with Prejudice for Failure to State a Cause of Action and/or for a More Definite Statement, ECF No. [17] ("Motion"). Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed a Response in Opposition, ECF No. [21] ("Response"). To date, Defendants have not filed a Reply. The Court has carefully reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.**    **BACKGROUND**

On February 25, 2022, Plaintiff filed its Complaint asserting that Defendants violated 47 U.S.C. § 605 and 47 U.S.C. § 553 through the unauthorized exhibition of Ultimate Fighting Championship 232: Jones vs. Gustafsson 2 and Ultimate Fighting Championship 235: Jones vs. Smith (collectively, "Programs"). *See* ECF No. [1]. According to the Complaint, SM is a Delaware limited liability company that operates an establishment known as the Limonada Bar & Brunch,

located at 825 Washington Avenue, Miami Beach, FL 33139 ("Establishment"). *See id.* ¶ 2. Vardi is an "officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment." *Id.* ¶ 3.

On April 11, 2022, Defendants filed their Motion arguing that the Complaint should be dismissed because the Complaint fails to satisfy the pleading requirements of Rule 8 and Rule 10(b). *See* ECF No. [17] at 5. Defendants argue that the Complaint is an impermissible shotgun pleading that makes unclear Plaintiff's claims for relief and the facts that support Plaintiff's claims for relief against each Defendant. *See id.* at 5-7. Defendants seek dismissal of the Complaint or, in the alternative, a more definite statement. *See id.* at 5. In addition, Defendants argue that Vardi should be dismissed from the action with prejudice because Section 18-303(a) of the Delaware Limited Liability Company Act provides that "no member of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company." *Id.* at 7.

Plaintiff responds that Defendants' shotgun pleading argument relies on Defendants' claim that Vardi is not vicariously responsible for the actions of SM. *See* ECF No. [21] at 6. However, according to Plaintiff, "[t]o establish vicarious liability under section 605(a), the plaintiff must show that an individual had the right and ability to supervise the wrongful conduct and had a direct financial interest in the activities undertaken." *Id.* at 3 (quoting *Zuffa, LLC v. Nguyen*, 2020 WL 6449316, at *3 (S.D. Fla. July 27, 2020) (citing *Joe Hand Promotions, Inc. v. Goldshtein*, 2018 WL 7080029, at *3 (S.D. Fla. June 18, 2020))). "If a plaintiff properly alleges vicarious liability under this standard, the plaintiff is not required to allege facts sufficient to pierce the corporate veil." *Goldshtein*, 2018 WL 7080029, at *3. Plaintiff argues that the Complaint sufficiently pleads vicarious liability claims against Vardi by alleging his right and ability to supervise the wrongful

2

conduct and his direct financial interest in the activities undertaken. *See* ECF No. [21] at 5. Therefore, according to Plaintiff, there can be no confusion in reading Plaintiff's Complaint as to "who did what" given that the claims are against both Defendants, and the Complaint is not a shotgun pleading. *See id.* at 6.[1]

## II.    LEGAL STANDARD

### a. Shotgun Pleading

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x. 274, 277 (11th Cir. 2008) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128-29 (11th Cir. 2001)). "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting *Cramer v. Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997)).

Overall, shotgun pleadings do not establish a connection between "the substantive count and the factual predicates . . . [and] courts cannot perform their gatekeeping function with regard to the averments of [the plaintiff's claim]." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006). The Eleventh Circuit has identified four types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination

---

[1] Defendants also argue that the correct name of the entity Defendant is Falsa Limonada LLC. *See* ECF No. [17] at 1 n.1. However, Plaintiff notes that the correct name of the entity Defendant is SM Think Clinton, LLC since SM has the licenses for retail beverages and permanent food service for the Establishment and Falsa Limonada merely holds a fictitious name filing for the Establishment. *See* ECF No. [21] at 1-2. Upon a review of the publicly available records, it appears that Plaintiff is correct.

3

> of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Merch. One, Inc. v. TLO, Inc.*, No. 19-CV-23719, 2020 WL 248608, at *3 (S.D. Fla. Jan. 16, 2020) (quoting *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (footnotes omitted)). Shotgun pleadings are condemned by the Eleventh Circuit, which has specifically instructed district courts to dismiss shotgun pleadings as "fatally defective." *B.L.E. v. Georgia*, 335 F. App'x. 962, 963 (11th Cir. 2009) (citations omitted).

   b. **Failure to State a Claim**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929, (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Additionally, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct.

1955. If the facts satisfy the elements of the claims asserted, a defendant's motion to dismiss must be denied. *Id.* at 556.

When reviewing a motion to dismiss, a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012); *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009) ("On a motion to dismiss, the complaint is construed in the light most favorable to the non-moving party, and all facts alleged by the non-moving party are accepted as true."); *Iqbal*, 556 U.S. at 678. A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)). While the court is required to accept as true all allegations contained in the complaint, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

### III.   DISCUSSION

The Court agrees with Plaintiff. First, the Court notes that several courts within the Eleventh Circuit have held under similar circumstances that in order to claim that an individual defendant is

vicariously liable for a violation of 47 U.S.C. § 605 or § 553, the plaintiff need only allege (1) that the individual defendant had the right and ability to supervise the violations, and (2) that he had a strong financial interest in such activities. *See, e.g.*, *Joe Hand Promotions, Inc. v. Sorota*, No. 11-80985-CIV, 2012 WL 2414035, at *2 (S.D. Fla. Jun. 26, 2012); *J&J Sports Prods., Inc. v. Arboleda*, No. 6:09-cv-467-Orl-18DAB, 2009 WL 3490859, at * 5 (M.D. Fla. Oct. 27, 2009); *Joe Hand Promotions, Inc. v. Hart*, No. 11-80971-CIV, 2012 WL 1289731, at *3 (S.D. Fla. Apr. 16, 2012); *Joe Hand Promotions, Inc. v. Blanchard*, No. 409CV100, 2010 WL 1838067, at *3 (S.D. Ga. May 3, 2010).

In this case, the Complaint alleges, in relevant part,

> Defendant SHAWN VARDI is an individual residing in the State of Florida. On the dates of the Programs, Defendant SHAWN VARDI:
> . . .
> b. had a right and ability to supervise the activities of the Establishment; and
> c. had an obvious and direct financial interest in the activities of the Establishment.

ECF No. [1] ¶ 3. While a formulaic recitation of the elements of a cause of action will not do, *see Twombly*, 550 U.S. at 555, the Complaint further alleges that Vardi was an "officer, director, shareholder, member and/or principal of the entity owning and operating the Establishment" on the date of the Programs, ECF No. [1] ¶ 3, thereby supporting Plaintiff's allegations that Vardi had the ability to supervise the violations of 47 U.S.C. § 605 or § 553 and had a direct financial interest in the violations. In sum, Defendants' argument that Plaintiff's claims against Vardi should be dismissed with prejudice is without merit.

Having determined that Plaintiff properly alleges claims against Vardi, the Court now turns to Defendants' argument that the Complaint is a shotgun pleading. Because the Court must accept the allegations in the Complaint as true at this stage of the proceedings, and the Complaint alleges that Vardi was a member of SM who had the right and ability to supervise activities of the Establishment, Plaintiff's claims against Vardi and SM coincide. Therefore, since the same claims are being made against both Defendants, it cannot be said that the Complaint fails to give each Defendant adequate notice of the claims against them and the grounds upon which each claim rests. *See Kyle K. v.*

*Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) ("The fact that defendants are accused collectively does not render the complaint deficient. The complaint can be fairly read to aver that all defendants are responsible for the alleged conduct."). In sum, Plaintiff's Complaint is not a shotgun pleading, and Defendants' request that the Court dismiss the Complaint or require a more definite statement is denied.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion, **ECF No. [17]**, is **DENIED**.

2. Defendants shall file an Answer to Plaintiff's Complaint by no later than **May 18, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 11, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record